———————o———————

## No. 3980.

### (Court of Appeal, Parish of Orleans.)

### CLARK BROS. & CO. vs. JOHN BLANK & CO.

1. The deposit of goods to be sold on commission is a mandate which establishes the relation of principal and agent between the parties, and the action of such principal against such agent for the proceeds of such sale is prescribed by ten years.
2. A procuration which does not specify the time at which the agency is to terminate leaves it discretionary with the principal to discharge the agent at pleasure.
3. The other issues in the case are of fact only.

Appeal from Civil District Court, Division "D."

C. F. Claiborne, for Plaintiff and Appellee.

Clegg and Quintero, for Defendant and Appellant.

DUFOUR, J. The plaintiffs, whisky manufacturers and dealers of Peoria, Illinois, allege that they delivered to the defendants in this city 46 cases of "Clark's Pure Rye" to be sold by defendants for plaintiffs account and worth $324.30-100, that defendants have remitted $119.85-100, and without good cause refuse to return the balance of whisky unsold or to pay its value.

The defense is that plaintiffs had constituted defendants their

sole local agents for the sale of whisky and had violated their agreement by selling the article here through other dealers, and they sue in reconvention for the profits which they claim they would have made if allowed to exclusively make the local sales.

They also plead the prescription of three years, on the theory that though the original delivery of the 46 cases had been in the nature of a deposit, it was subsequently treated by all the parties as an outright sale. About the fall of 1900 there remained with I. L. Lyons & Co. of this City certain whisky of plaintiffs which they had for a year without having been able to effect a sale, and instead of shipping it back to Peoria, plaintiffs accepted defendants proposition to leave the goods in the latter's store room and give them an opportunity of disposing of them. The evidence satisfies us that the transaction was not a sale to defendants, but a consignment of goods owned by plaintiffs and to be sold for them by defendants.

The relation of principal and agent existed between the parties and the contract was one of mandate, not of sale; hence the prescription of ten years and not that of three years is applicable.

The claim that defendants were made sole agents in this locality is not substantiated; though the defendants testify to this effect, Carter, a travelling representative of the plaintiffs who made the *verbal* contract with defendants, denies that there was any such understanding, or that any could be made, owing to the nature of the business.

Hull, general manager of Clark Bros .& Co., corroborates Carter, and adds as explanatory that "we never authoized any one to give them the agency as we have never given any one the sole agency on Clark's Pure Rye in any locality; it would be possible to give the agency, but it would not be possible to carry it out, owing to the fact that our goods are sold in bond and can be sold on the market by those originally purchasing the goods."

Defendants claim that they protested against the violation of their alleged exclusive rights, when they ascertained that Villere & Deblanc, a local liquor firm, were selling Clark's Pure

Whiskey to the local retail trade, is denied by Carter and Hull, and no written protest was produced. The evidence leaves no doubt in our minds that the transaction was nothing more than a consignment for sale on commissions, but, were it otherwise, defendants right to sell for plaintiffs, not having been given for any definite or specified time, was revocable at pleasure. R. C. C. 3027-8.

If the defendants sold the goods, they must account for the proceeds; if not, they must return them or pay their value.

Judgment affirmed.